Hon. Timothy W. Dore
Chapter 7
Hearing Location: Telephonic
Hearing Date: September 11, 2020
Response Date: September 4, 2020

# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re:<br><br>JONG MIN LEE, and<br>HEE YONG LEE,<br><br>    Debtors. | NO. 20-11147-TWD<br><br>RESPONSE TO TRUSTEE'S MOTION TO VOID CLAIM SETTLEMENT, TURNOVER CHECK, AND AUTHORIZE APPOINTMENT OF SPECIAL COUNSEL |

  Come Now Debtors and response to the Trustee's Motion to Void Claim Settlement, Turnover Check, and Authorize Appointment of Special Counsel as follows.

  In short, the trustee seeks the aforementioned relief asserting that the debtors have not been fully open or honest about a personal injury claim, and that the purported settlement of the claim is "highly suspect."

  Debtors do not oppose the voiding of the claim settlement. Debtors believe that turnover of the check should not be ordered until the trustee presents actual evidence that the claim settlement is unfair or improper, as the entirety of the settlement would appear to be exempt – subject to trustee's objection. Finally, Debtors oppose the trustee's appointing of special counsel to investigate the claim.
Response to Trustee's Motion to Void Claim
Settlement, Turnover Check, and Authorize
Appointment of Special Counsel-1 of 4



THE LAW OFFICES OF LANCE L. LEE
1001 Fourth Avenue, Suite 4400
Seattle, WA 98154-1192
(206) 332-9841 / Fax: (206) 905-2991

## BRIEF STATEMENT OF FACTS

The trustee alleges in his motion that he was not duly apprised of the Debtors' purported settlement of a personal injury claim that stemmed from a motor vehicle accident on October 28, 2019 in which Debtor was involved. Trustee recites in his motion that the claim was purportedly settled on April 20, 2020, 5 days after the petition date of the instant case. He then states that the debtors amended their schedules on May 15, 2020 but did not therein disclose settlement of the claim. He further states that he "learned of the claims settlement and objected to the debtors' exemptions on May 22, 2020. The trustee states that he inquired about the claim on May 14, 2020, and that debtors' original counsel in this case withdrew by court order on June 5, 2020.

It is unclear from trustee's statement that "he learned of the...settlement and objected to debtors' exemptions on May 22, 2020," whether the trustee alleges that he learned of the settlement on May 22. In fact, trustee was apprised of the settlement at the section 341 hearing on May 14, 2020. In fact, withdrawal of debtors' original counsel had much to do with the purported post-petition settlement, counsel not being pleased with Debtors' action.

Debtors' present counsel did not attend the section 341 hearing. Counsel attempted to obtain a transcript of the hearing but was informed by his contracted court report, Ahern & Associates, that the audio recording from which the transcript would be made was unintelligible. A declaration of Shari Wheeler, principal of Ahern & Associates, is attached as Exhibit 1.

The trustee bases his motion on the purported settlement being "highly suspect." In support of this assertion, trustee cites that:

1. The claims was settled "quickly within one year of the date of injury";

2. The debtor failed to disclose unpaid, pre-filing medical bills and subrogation liens related to the injury in the court schedules; and

Response to Trustee's Motion to Void Claim
Settlement, Turnover Check, and Authorize
Appointment of Special Counsel-2 of 4



THE LAW OFFICES OF LANCE L. LEE
1001 Fourth Avenue, Suite 4400
Seattle, WA 98154-1192
(206) 332-9841 / Fax: (206) 905-2991

Case 20-11147-TWD    Doc 36    Filed 09/04/20    Ent. 09/04/20 12:01:34    Pg. 2 of 4

3. The debtor did not pursue an income loss claim as part of the negotiation for settlement of the claim.

Moreover, Trustee complains that he had contacted the attorney handling the personal injury matter, Nak Sung, on July 6 requesting status of the settlement…but having received no response. However, on May 20, 2020, Mr. Sung had sent an email to the trustee (with copies to Debtor and Debtor's counsel at the time) providing him with retainer agreements and information on settlement negotiations. The body of the message and the aforementioned attachments are contained as exhibits to the Declaration of Lance L. Lee, filed herewith.

## ANALYSIS

Debtors believe that the post-petition settlement of this claim is likely void *ab initio*. "It is entirely consistent to reason that, absent affirmative relief from the bankruptcy court, violations of the stay are void." *Schwartz v. United States (In re Schwartz)*, 954 F.2d 569, 573 (9th Cir. 1992). Debtors may seek approval of the settlement or abandonment of the claim hereafter.

All parties holding estate property are generally required to turn such property over. However, 11 U.S.C.S. § 542 provides an exception for property that debtors can exempt under 11 U.S.C.S. § 522. Although the trustee has objected to Debtors' claimed application of such exemptions, such claim has been made by Debtors.

Moreover, Debtors believe the trustee's demand for turnover of the check is effectively an attempt to have the settlement deemed improper. In fact, all the trustee has alleged are happenings that at most make the alleged settlement suspect. All are explainable. Debtors' failing to list creditors is very commonplace, usually for non-nefarious reasons. And, quick settlement of a claim may be unusual but certainly cannot be implicated on that basis alone. We note that the claim was settled with close regard for policy limits of the defendant.

Response to Trustee's Motion to Void Claim Settlement, Turnover Check, and Authorize Appointment of Special Counsel-3 of 4



THE LAW OFFICES OF LANCE L. LEE
1001 Fourth Avenue, Suite 4400
Seattle, WA 98154-1192
(206) 332-9841 / Fax: (206) 905-2991

Case 20-11147-TWD    Doc 36    Filed 09/04/20    Ent. 09/04/20 12:01:34    Pg. 3 of 4

In regard to trustee's request to hire special counsel, Debtors do not believe granting the motion would be proper. Employment of professional persons generally requires showing that the expertise of the professional is reasonably necessary under 11 U.S.C.S. § 327. *In re* Computer Learning Ctrs., Inc., 272 B.R. 897 (Bankr. E.D. Va. 2001) (citing *Treatise*); *In re* Kingsway Purchasing, 16 C.B.C.2d 378, 69 B.R. 713 (Bankr. E.D. Mich. 1987). Debtors concur generally with the trustee insofar as his having the right to hire independent counsel to review the propriety and fairness of the purported settlement. However, Trustee has not yet demonstrated that doing so would be reasonably necessary.

## CONCLUSION

Debtors acquiesce to the voiding of the settlement – or the settlement being declared as void *ab initio*. However, Debtors request the Court DENY Trustee's request for turnover of the proceeds of settlement, and to hire special counsel to review the claim independently

Dated this ___4th___ day of September 2020

/s/ Lance L. Lee
Lance L. Lee, WSBA #26518
Attorney for Debtors

Response to Trustee's Motion to Void Claim Settlement, Turnover Check, and Authorize Appointment of Special Counsel-4 of 4



THE LAW OFFICES OF LANCE L. LEE
1001 Fourth Avenue, Suite 4400
Seattle, WA 98154-1192
(206) 332-9841 / Fax: (206) 905-2991